White, J.
The plaintiff relies mainly for the reversal of the judgment on two grounds:
1. That the defendant, the city of Ironton, already has sufficient property for wharf purposes..
2. .That the property in question being owned by the plaintiff, a railroad company, is not subject to appropriation by the defendant.
We will consider these objections in their order.
1. By sec. 26 of the municipal corporation act (S. & C. *304 Stat. 1501), express power is conferred on the defendant “ to lay off, open, widen, straighten, extend, and establish, to improve, and keep in order and repair . . public grounds, wharves, landing-places, and market-spaces; . . to appropriate, enter upon, or take for such of the above purposes as may require it, land or material,” etc. Section 27 prescribes the course .to be pursued to effect the appropriation, “when it shall be deemed neeessa/ry by any municipal corporation to enter upon or take private property, as above provided.”
Under the statute, the authority and discretion of determining the quantity of ground required by the public for wharf purposes are vested in the corporation; and there is nothing in the petition showing that, in making the appropriation, the municipal authorities acted in bad faith, or that the property is intended to be used for any other purpose than that for which it was appropriated. Under these circumstances the action of the city is, on this question, final.
2. The plaintiff was incorporated to construct a railroad from the Ohio river, in Upper township, in Lawrence county, to the south line of Jackson county. ... O. L. L., vol. 47, p. 100.
By its charter it was declared to be invested with all the powers, and to be subject to all the restrictions and provisions of the act regulating railway companies, passed Feb. 11, 1848. 2 Curwen, 1394; 1 S. & C. Stat. 271.
By this act the plaintiff was authorized to construct and maintain a railroad with a single or double track, with such side tracks, turn-outs, offices and depots as it deemed necessary, between the points named in its charter; and for this purpose it was authorized to enter upon any lands for the purpose of examining and surveying its railroad line, and to appropriate so much thereof as might be deemed necessary for its railroad, including necessary side-tracks, depots,workshops, and water-stations.
So far as the power of the corporation to appropriate private property to public use aids in the solution of the question before us, the foregoing embraces all the authority with *305 which the plaintiff is endowed ; and the authority thus given is intended to furnish the necessary territory upon which to operate its road.
We find no power given the company to condemn or to hold private property to its exclusive use, solely for wharf pin-poses, nor for streets or ordinary highways. • These may be necessary for the convenient transaction of its business; but they are alike necessary facilities for the transaction of the business of the public at large.
A wharf is a necessary incident to water transportation, and it would doubtless be for the interest of a private merchant or an unincorporated carrier, as well as of the plaintiff, to hold such property exempt from appropriation to public use; but the owner, nevertheless, when the property is required for a public wharf, is compelled to give up his right to its exclusive use, and to submit to the inconvenience of using the property as one of the public.
We discover no more authority in the statute for the plaintiff, as against the public, to ^ claim exclusive wharf privileges, than it has to exclusive privileges in the river as a highway. As respects such property, we think the company stands upon the same footing as other proprietors.
The power given to the municipal authorities to condemn property for the purposes of a wharf is an express power. The right of the company to hold property exempt from the exercise of this power, cannot, it seems to us, be extended, by construction, to lands held by the company for uses and purposes for which it is not by law authorized to condemn private property.
There is a general statement in the petition that the terminus of the plaintiff’s road is at the river, between Railroad and Centre streets, in the city of Ironton. But it is evident from the subsequent allegations, that this statement is made upon the idea that the property in question forms part of the road. The subsequent averments show that the depot and machine-shops are on certain lots of the city described in the petition, which form no part of the premises in controversy. The latter consists of the ground lying, *306 between Eailroad and Centre streets, and extends from Front street into the river, and which, it is stated, has been graded for a wharf, and was purchased for that purpose.
We will merely add, that, being of opinion, upon the facts stated in the petition, that no legal right of the plaintiff has been violated, we have not deemed it necessary to inquire whether, in case the property had been exempt from appropriation, the remedy resorted to by the plaintiff would have been the proper one.

Judgment affirmed.

Beinkebhoff, O.J., and Scott, Welch, and Hat, JJ., concurred.